## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TIFFANY SCHREIBER,**

      **Plaintiff,**

**v.**                                   **Case No. 8:24-cv-2244-AAS**

**FRANK BISIGNANO,**
**Commissioner of the Social**
**Security Administration,[1]**

      **Defendant.**
_____/

## ORDER

Plaintiff Tiffany Schreiber requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). (Doc. 19). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the memoranda submitted by the parties, the Commissioner's decision is **AFFIRMED**.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Under Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit through the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.    PROCEDURAL HISTORY

Ms. Schreiber applied for DIB and SSI on April 23, 2021, with an alleged disability onset date of April 14, 2019. (Tr. 195–98). Disability examiners denied Ms. Schreiber's application initially and on reconsideration. (Tr. 107–16, 127–30). Ms. Schreiber requested and received a hearing, which was held on February 5, 2024, and the ALJ issued an unfavorable decision on May 6, 2024. (Tr. 7–22). The Appeals Council affirmed the ALJ's decision. (Tr. 1–6). Ms. Schreiber now requests review of the ALJ's decision. (Doc. 1).

II.    NATURE OF DISABILITY CLAIM

A.    Background

Ms. Schreiber was twenty-two years old on her alleged disability onset date. (Tr. 16). Ms. Schreiber has a high school education and past relevant work experience as a sales clerk and fast-food worker. (Tr. 15). Ms. Schreiber alleges disability due to a nervous condition and tremors. (Tr. 234).

B.    Summary of the Decision

The ALJ must follow five steps when evaluating a claim for disability.[2] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in

---

[2] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

substantial gainful activity,[3] she is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC). *Id.* Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

Here, the ALJ determined Ms. Schreiber had not engaged in substantial gainful activity since April 14, 2019, the alleged disability onset date. (Tr. 12). The ALJ found Ms. Schreiber has these severe impairments: seizure disorder

---

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.972.

and tremors. (*Id.*). However, the ALJ concluded Ms. Schreiber's impairments or combination of impairments failed to meet or medically equal the severity of an impairment in the Listings. (Tr. 13).

The ALJ found Ms. Schreiber had an RFC to perform sedentary work,[4] except:

> [Ms. Schreiber] can frequently use the upper extremities for handling and fine manipulation. She can never climb ladders, ropes, or scaffolds. She can perform no work around hazards.

(*Id.*).

Based on these findings and the testimony of a vocational expert (VE), the ALJ determined Ms. Schreiber could not perform her past relevant work. (Tr. 15). However, the VE testified that an individual with Ms. Schreiber age, education, work experience, and RFC could perform other jobs that exist in significant numbers in the national economy. (Tr. 16). Specifically, Ms. Schreiber can perform the jobs of lens inserter and final assembler. (*Id.*). As a result, the ALJ concluded Ms. Schreiber was not disabled. (Tr. 17).

---

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

## III.  ANALYSIS

### A.     Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted)

(stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

## B.    Issues on Appeal

Ms. Schreiber raises two issues on appeal: (1) whether the ALJ erred by failing to consider a closed period of disability (Doc. 19, pp. 3–5); and (2) whether the ALJ's findings at step five of the sequential evaluation process are supported by substantial evidence (*Id.* at 5–7).

### 1.    Whether the ALJ erred in not considering a closed period of disability.

Ms. Schreiber argues the ALJ erred by failing to consider whether she was entitled to a closed period of disability. (*Id.* at 3). Ms. Schreiber asserts the ALJ should have considered that her symptoms persisted and worsened from April 2019, her alleged onset date, through April 23, 2021, the date she applied for benefits. (*Id.* at 4–5). Ms. Schreiber further asserts the ALJ failed to address relevant treatment notes from April 15, 2021, and July 26, 2021. (*Id.* at 4).

In response, the Commissioner contends the ALJ properly considered the medical evidence from April 14, 2019, through May 6, 2024, the date of the ALJ's decision. (Doc. 21, pp. 5–6). The Commissioner argues the ALJ's decision was proper because he found that Ms. Schreiber was not disabled during any twelve-month period, as she retained the RFC to perform a limited range of

6

sedentary work. (*Id.* at 9).

"An individual claiming Social Security disability benefits must prove that he is disabled." *Rodriguez v. Comm'r of Soc. Sec.*, 737 F. App'x 514, 516 (11th Cir. 2018) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Thus, to qualify for benefits, a claimant must establish a continuous twelve-month period of disability. *See Barnhart v. Walton*, 535 U.S. 212, 218–25 (2002). If the ALJ finds that the claimant was not disabled at any time from his alleged onset date to the hearing date, and this decision is supported by substantial evidence, the ALJ is not required to explicitly consider a closed period of disability. See *Benitez v. Comm'r of Soc. Sec.*, No. 2:17-cv-283-FtM-MRM, 2018 WL 6680985, at *3 (M.D. Fla. Sept. 8, 2018) (citing *Jones v. Comm'r of Soc. Sec.*, 181 F. App'x 767, 772–73 (11th Cir. 2006)).

Here, substantial evidence supports the ALJ's conclusion that Ms. Schreiber was not disabled for any continuous twelve-month period despite her severe impairments because she retained the capacity to perform a limited range of sedentary work. (Tr. 13–15). As a threshold matter, Ms. Schreiber failed to specify the exact dates for the closed period she claims should have

been considered. (Doc. 19, pp. 3–5). To the extent that the Commissioner construed Ms. Schreiber's argument as requesting review of the period between April 2020 and April 23, 2021 (Doc. 21, p. 5), the ALJ expressly found that Ms. Schreiber was not disabled from April 14, 2019, through the date of his decision—a broader timeframe. (Tr. 11). In particular, the ALJ determined that Ms. Schreiber had the RFC to "perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she [could] frequently use the upper extremities for handling and fine manipulation." (Tr. 13).

In reaching this conclusion, the ALJ noted inconsistencies between Ms. Schreiber's allegations about the intensity, persistence, and limiting effects of her symptoms and the medical evidence in the record. (Tr. 14–15). When determining how symptoms affect the claimant's capacity to perform basic work activities, the ALJ considers any conflicts between the claimant's subjective statements about her symptoms and the medical evidence. *See* 20 C.F.R. § 404.1529(c)(4). If the ALJ finds the claimant's complaints are not fully supported by the medical record, the ALJ may discredit them so long as he provides a sufficient explanation. *See Herron v. Soc. Sec. Admin., Com'r*, 649 F. App'x 781, 784–86 (11th Cir. 2016) (citing *Foote*, 67 F.3d at 1561–62).

The ALJ stated in his decision:

[T]he claimant's allegations are inconsistent with the objective evidence. She initially went to the emergency room where imaging was normal and she was diagnosed with a stress reaction. Her

8

symptoms reportedly worsened, but a neurology consultation found all symptoms were atypical. She has continued follow up visits and while symptoms are consistently reported, EEGs and other objective testing continually return as normal.

(Tr. 15). Based on these inconsistencies, the ALJ concluded that Ms. Schreiber could perform "a wide range of sedentary work." (*Id.*).

The ALJ also evaluated medical opinions and prior administrative medical findings, including a consultative examination. (*Id.*). He found unpersuasive the administrative findings concluding that Ms. Schreiber did not have a severe impairment because "[t]he evidence as a whole show[ed] that [Ms. Schreiber] has seizure disorder and tremors that cause limitations on her ability to function." (*Id.*). *See Williams v. Comm'r, Soc. Sec. Admin.*, 580 F. App'x 732, 734 (11th Cir. 2014) (citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985)) ("the ALJ may reject the opinion of *any* physician when the evidence supports a contrary conclusion"). In contrast, the ALJ found persuasive the opinion of Dr. Joseph Schreief, a consultative examiner, who opined that Ms. Schreiber was limited to sedentary work with no exposure to hazards, as the opinion was consistent with examination findings and other evidence in the record. (Tr. 15). Thus, the ALJ's RFC assessment was based on his consideration of the entire record.

Next, Ms. Schreiber contends that the ALJ did not consider certain treatment records. (Doc. 19, p. 4). Although the ALJ did not expressly reference

Ms. Schreiber's treatment notes from April 15, 2021, and July 26, 2021, there is no rigid requirement that the ALJ specifically cite every piece of evidence in his decision, so long as it reflects his consideration of the claimant's medical condition as a whole. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (internal quotation marks omitted) (citing *Foote*, 67 F.3d at 1561)). The ALJ's analysis and ultimate RFC finding establish sufficient consideration of Ms. Schreiber's overall medical condition.

## 2. Whether the ALJ's findings at step five of the sequential evaluation process are supported by substantial evidence.

Ms. Schreiber contends that the ALJ's step five finding is not supported by substantial evidence. (Doc. 19, pp. 5–7). Specifically, she challenges the VE's identification of two jobs—lens inserter and final assembler—arguing that they are obsolete, not available in significant numbers, and difficult to perform for someone with her impairments. (*Id.*). In response, the Commissioner asserts that the ALJ's reliance on the VE's testimony was proper and supported by substantial evidence. (Doc. 21, pp. 11–12). The Commissioner further argues that Ms. Schreiber essentially waived this argument by failing to challenge the VE's testimony at the hearing. (*Id.*).

At step five of the sequential evaluation process, the burden of proof temporarily shifts to the Commissioner "to show that 'there is other work available in significant numbers in the national economy that the claimant is

able to perform'" despite her impairments. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (quoting *Apfel*, 190 F.3d at 1228); *see also* 20 C.F.R. § 404.1560(c) ("[T]o support a finding that you are not disabled at this fifth step of the sequential evaluation process, we are responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that you can do . . .").

To satisfy this burden, the Commissioner may "take administrative notice of reliable job information available from various governmental and other publications," including those sources set forth in the Regulations, such as the DOT. 20 C.F.R. § 404.1566(d). The Regulations also permit the Commissioner to base his decision at step five on information supplied by a VE. *Id.* § 404.1566(e); *see also* Phillips, 357 F.3d at 1240.

"When the ALJ uses a [VE], the ALJ will pose hypothetical question(s) to the [VE] to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." *Phillips*, 357 F.3d at 1240. In rendering this opinion, a VE "may rely on his knowledge and expertise without producing detailed reports or statistics in support of his testimony." *Griffin v. Comm'r of Soc. Sec.*, No. 2:17-cv-280-FtM-99CM, 2018 WL 3352929, at *10 (M.D. Fla. June 20, 2018) (citing *Curcio v. Comm'r of Soc. Sec.*, 386 F. App'x 924, 926 (11th Cir. 2010)). Whether or not the ALJ accepts the VE's testimony, the ALJ must

ultimately "articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence." *Webster v. Comm'r of Soc. Sec.*, 773 F. App'x 553, 555 (11th Cir. 2019) (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)).

Here, without citing legal authority, Ms. Schreiber argues that one need only "look[] at the job description" or "look at the tiny screws that attach the temple pieces to the eyeglass frame" to understand that the jobs of lens inserter or final assembler are too difficult for an individual with hand tremors. (Doc. 19, pp. 5–6). As Ms. Schreiber acknowledges, her counsel failed to object to the VE's testimony or job number estimates during the hearing. (*Id.* at 6). Arguments not raised before an ALJ are not considered on appeal and thus considered waived. *See Davis-O'Brien v. Astrue*, 415 F. App'x 137, 140 (11th Cir. 2011) (citing *Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999)). Even assuming Ms. Schreiber's argument is not waived, it still fails because the VE's testimony constituted substantial evidence.

The ALJ asked the VE whether a person of Ms. Schreiber's age, education, past work experience, and functional limitations could perform jobs existing in significant numbers in the national economy. (Tr. 70). The VE testified that such a person could perform the duties of a lens inserter, DOT § 713.687-026, 17,000 nationally, and a final assembler, DOT § 713.687-018, 16,000 nationally. (Tr. 70–71). Based on the VE's responses, the ALJ concluded

12

that Ms. Schreiber was not disabled. (Tr. 16–17). The VE's testimony, based on the DOT and his experience working with individuals in various vocational settings, constituted substantial evidence. *See Beasterfeld v. Comm'r of Soc. Sec.*, 480 F. App'x 514 (11th Cir. 2012) (holding that where the ALJ poses a hypothetical to the VE that includes all of the claimant's impairments, the VE's testimony constitutes substantial evidence supporting the ALJ's decision).

Moreover, the ALJ has no affirmative duty to independently verify the VE's testimony unless there is a conflict between that testimony and the DOT. *See Webster*, 773 F. App'x at 556. Rather, the claimant must present any potential challenge to the VE's testimony during the hearing. *See Valdez v. Comm'r of Soc. Sec.*, 808 F. App'x 1005, 1010 (11th Cir. 2020). Despite having the opportunity to do so, Ms. Schreiber did not cross-examine the VE about the alleged obsolescence of the DOT job descriptions or the number of jobs available. (Tr. 73–77).

The ALJ properly relied on the DOT and the VE's testimony at step five of his disability determination. Accordingly, substantial evidence supports the ALJ's decision, and remand is not required.

## IV.    CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED**, and the Clerk is directed to enter judgment for the Commissioner.

**ORDERED** in Tampa, Florida, on July 30, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge